1  **MARTIN & BONTRAGER, APC**
2  G. Thomas Martin, III (SBN 218456)
   Nicholas J. Bontrager (SBN 252114)
3  4605 Lankershim Blvd., Suite 535
4  Toluca Lake, CA 91602
   T: (323) 940-1700
5  F: (323) 238-8095
6  Tom@mblawapc.com
   Nick@mblawapc.com
7
8  Attorneys for Plaintiff
   JONATHAN CORTEZ CRUZ
9
10
                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12
13
   JONATHAN CORTEZ CRUZ,            │  Case No.: 2:20-cv-10999
14
           Plaintiff,                │
15                                   │  **COMPLAINT AND DEMAND FOR**
       vs.                           │  **JURY TRIAL FOR:**
16                                   │
17                                   │  **VIOLATIONS OF THE FAIR**
   M. LEONARD & ASSOCIATES,          │  **DEBT COLLECTION PRACTICES**
18                                   │  **ACT [15 U.S.C. § 1692]**
           Defendant(s).             │  **VIOLATIONS OF THE**
19                                   │  **ROSENTHAL FAIR DEBT**
20                                   │  **COLLECTION PRACTICES ACT**
                                     │  **[CAL. CIV. CODE § 1788];**
21                                   │  **CALIFORNIA CONSUMER**
22                                   │  **CREDIT REPORTING AGENCIES**
                                     │  **ACT [CAL. CIV. § 1785.25]**
23
24                                   │  **DEMAND IS LESS THAN $10,000**
25
26
27
28

- 1 -

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. JONATHAN CORTEZ CRUZ (Plaintiff) brings this action to secure redress from M. LEONARD & ASSOCIATES (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, Rosenthal Fair Debt Collection Practices Act. And California Consumer Credit Reporting Agencies Act.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant, M. LEONARD & ASSOCIATES, is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Van Nuys, California. In its regular course of business, Defendant regularly attempts to collect debts alleged to be due.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due and Defendant is a "debt collector" as defined by the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a medical insurance deductible and/or "consumer debt."

8. On or about July 21, 2016, Plaintiff had medical services provided. Plaintiff was a minor and never agreed to be liable for any medical bills. Therefore, Defendant is attempting to collect a debt from Plaintiff that Plaintiff does not owe.

9. On or around March 27, 2020 Plaintiff sent written correspondence to Defendant disputing the alleged debt that Plaintiff does not owe. Plaintiff's correspondence, amongst other information, included Plaintiff's full name, address and partial social security number so that Defendant would swiftly and easily locate Plaintiff's account with Defendant.

10. Plaintiff's correspondence, amongst other things, clearly and unequivocally advised Defendant that the alleged debt was disputed.

11. Approximately sixty (60) days after Defendant's receipt of Plaintiff's written dispute of the alleged debt, Plaintiff pulled his credit report. To Plaintiff's astonishment, Defendant continued to report the alleged debt on Plaintiff's credit report, but did not update its reporting of the debt to include the proper notations indicating that Plaintiff was disputing the alleged debt.

## FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or

which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(c) Defendant violated 15 U.S.C. §1692f(1) collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

14. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

18. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

# THIRD CAUSE OF ACTION

## (California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

22. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

23. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

24. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

25. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Costs and reasonable attorney's fees;

(d)     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 3, 2020　　　　MARTIN & BONTRAGER, APC

By: /s/G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*